UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
MANDY JO REINIER,

                            Plaintiff,

            -against-

CITY OF NEW YORK; Police Officer DENNIS WESTBROOK, Shield No. 19650; and JOHN and JANE DOE 1 through 10, individually and in their official capacities (the names John and Jane Doe being fictitious, as the true names are presently unknown),

                            Defendants.
------------------------------------------------------------------ x

**COMPLAINT**

Jury Trial Demanded

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of plaintiff's rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth, Fifth, Sixth and Fourteenth Amendments to the Constitution of the United States.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §§ 1331, 1343 and 1367(a).

4. Venue is proper in this district pursuant to 28 U.S.C. §§ 1391 (b) and (c).

5. This Court has supplemental jurisdiction over the New York State claims pursuant to 28 U.S.C. § 1367.

## JURY DEMAND

6. Plaintiff demands a trial by jury in this action.

## PARTIES

7. Plaintiff Mandy Jo Reinier ("plaintiff" or "Ms. Reinier") is a resident of Kings County in the City and State of New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD, a department or agency of defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendants herein.

9. Defendant Police Officer Dennis Westbrook, Shield No. 19650 ("Westbrook"), at all times relevant herein, was an officer, employee and agent of the NYPD. Defendant Westbrook is sued in his individual and official capacities.

10. At all times relevant defendants John and Jane Doe 1 through 10 were police officers, detectives or supervisors employed by the NYPD. Plaintiff does not know the real names and shield numbers of defendants John and Jane Doe 1 through 10.

11. At all times relevant herein, defendants John and Jane Doe 1 through 10 were acting as agents, servants and employees of defendant City of New York and the NYPD.  Defendants John and Jane Doe 1 through 10 are sued in their individual and official capacities.

12. At all times relevant herein, all individual defendants were acting under color of state law.

## STATEMENT OF FACTS

13. At approximately 2:30 a.m. on February 8, 2013, plaintiff was lawfully working as a bartender at Heavy Woods located at 50 Wyckoff Avenue in Brooklyn, New York.

14. The defendants entered the bar as plaintiff was working and ordered her to move aside as they searched the premises.  Ms. Reinier complied.

15. Defendants searched the premises with flashlights.

16. A defendant officer then flashed a flashlight in Ms. Reinier's eyes, grabbed her from behind the bar in front of her customers and pulled her outside.

17. Without probable cause or reasonable suspicion to believe she had committed any crime or offense, defendants searched, handcuffed and arrested Ms. Reinier.

18. Plaintiff was taken to the 83rd Precinct.

19. Despite her requests, defendants refused to loosen the handcuffs.

Plaintiff sustained swelling to her wrists from the unreasonably tight handcuffs.

20. At the precinct the officers falsely informed employees of the Kings County District Attorney's Office that they had observed plaintiff obstruct governmental administration and prepared a false arrest report to that effect.

21. At no point did the officers observe plaintiff obstruct governmental administration.

22. Ms. Reinier was eventually put into a van with other prisoners to be taken to Brooklyn Central Booking.

23. Ms. Reinier suffers from claustrophobia for which she is prescribed medication.

24. Ms. Reinier advised defendants in the van that she was claustrophobic and repeatedly asked if she could get some air as the van was small and had no windows in the back. Defendants refused her request.

25. The van continued to make stops and pick up additional prisoners during the transport to Central Booking.

26. As the van continued to fill with prisoners, Ms. Reinier pleaded with defendants to stop briefly so she could get out momentarily to avoid having a panic attack.

27. Defendants refused and told her in sum to "shut the fuck up or we're taking you back to the Precinct."

4

28. Ms. Reinier suffered a panic attack in the van.

29. At Central Booking, Ms. Reinier was told that if she sought medical attention her incarceration would be extended.

30. Sometime during the night on February 10, 2013, Ms. Reinier was arraigned in Kings County Criminal Court, where the criminal charges were adjourned in contemplation of dismissal.

31. After approximately two days in custody, plaintiff was released.

32. Ms. Reinier missed approximately three nights of work as a bartender as a result of the unlawful arrest.

33. Within ninety days after the claim alleged in this Complaint arose, a written notice of claim was served upon defendants at the Comptroller's Office.

34. At least thirty days have elapsed since the service of the notice of claim, and adjustment or payment of the claim has been neglected or refused.

35. This action has been commenced within one year and ninety days after the happening of the events upon which the claims are based.

36. Plaintiff suffered damage as a result of defendants' actions. Plaintiff was deprived of her liberty, suffered emotional distress, mental anguish, fear, pain, bodily injury, anxiety, embarrassment, humiliation, loss of income and damage to her reputation.

## FIRST CLAIM
### Unlawful Stop and Search

37. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

38. Defendants violated the Fourth and Fourteenth Amendments because they stopped and searched plaintiff without reasonable suspicion.

39. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages herein before alleged.

## SECOND CLAIM
### False Arrest

40. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

41. Defendants violated the Fourth and Fourteenth Amendments because they arrested plaintiff without probable cause.

42. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## THIRD CLAIM
### State Law False Imprisonment and False Arrest

43. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

44. By their conduct, as described herein, the individual defendants are liable to plaintiff for falsely imprisoning and falsely arresting plaintiff.

45. Plaintiff was conscious of her confinement.

46. Plaintiff did not consent to her confinement.

47. Plaintiff's confinement was not otherwise privileged.

48. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

49. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## FOURTH CLAIM
### Unreasonable Force

50. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

51. The defendants violated the Fourth and Fourteenth Amendments because they used unreasonable force on plaintiff.

52. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## FIFTH CLAIM
### State Law Assault and Battery

53. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

54. By their conduct, as described herein, the defendants are liable to plaintiff for having assaulted and battered her.

55. Defendant City of New York, as an employer of the individual defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior*.

56. As a direct and proximate result of the misconduct and abuse of authority stated above, plaintiff sustained the damages alleged herein.

## SIXTH CLAIM
### Denial Of Constitutional Right To Fair Trial

57. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

58. The individual defendants created false evidence against plaintiff.

59. The individual defendants forwarded false evidence to prosecutors in the Kings County District Attorney's office.

60. In creating false evidence against plaintiff, and in forwarding false information to prosecutors, the individual defendants violated plaintiff's constitutional

right to a fair trial under the Due Process Clause of the Fifth, Sixth and Fourteenth Amendments of the United States Constitution.

61.    As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## SEVENTH CLAIM
### Negligent Hiring, Training and Retention

62.    Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

63.    Defendant City, through the NYPD, owed a duty of care to plaintiff to prevent the conduct alleged, because under the same or similar circumstances a reasonable, prudent, and careful person should have anticipated that injury to plaintiff or to those in a like situation would probably result from the foregoing conduct.

64.    Upon information and belief, all of the individual defendants were unfit and incompetent for their positions.

65.    Upon information and belief, defendant City knew or should have known through the exercise of reasonable diligence that the individual defendants were potentially dangerous.

66.    Upon information and belief, defendant City's negligence in screening, hiring, training, disciplining, and retaining these defendants proximately caused each of plaintiff's injuries.

67. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## EIGHTH CLAIM
### Intentional Infliction of Emotional Distress

68. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

69. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each committed conduct so extreme and outrageous as to constitute the intentional infliction of emotional distress upon plaintiff.

70. The intentional infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

71. Defendants, their officers, agents, servants, and employees were responsible for the intentional infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

72. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

# NINTH CLAIM
## Negligent Infliction of Emotional Distress

73. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

74. By reason of the foregoing, and by assaulting, battering, and using gratuitous, excessive, brutal, sadistic, and unconscionable force, failing to prevent other defendants from doing so, or causing an unlawful seizure and extended detention without due process, the defendants, acting in their capacities as NYPD officers, and within the scope of their employment, each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

75. The negligent infliction of emotional distress by these defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

76. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

77. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages hereinbefore alleged.

## TENTH CLAIM
### Deliberate Indifference to Medical Needs

78. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

79. The individual defendants were aware of a risk to plaintiff's safety and a need for medical care and failed to act in deliberate indifference to plaintiff's needs.

80. Accordingly, defendants violated the Fourteenth Amendment because they acted with deliberate indifference to plaintiff's medical needs and safety.

81. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## ELEVENTH CLAIM
### Failure To Intervene

82. Plaintiff repeats and realleges each and every allegation as if fully set forth herein.

83. Those defendants that were present but did not actively participate in the aforementioned unlawful conduct observed such conduct, had an opportunity prevent such conduct, had a duty to intervene and prevent such conduct and failed to intervene.

84. Accordingly, the defendants who failed to intervene violated the Fourth, Fifth, Sixth and Fourteenth Amendments.

85. As a direct and proximate result of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

(a) Compensatory damages against all defendants, jointly and severally;

(b) Punitive damages against the individual defendants, jointly and severally;

(c) Reasonable attorneys' fees and costs pursuant to 28 U.S.C. § 1988; and

(d) Such other and further relief as this Court deems just and proper.

DATED: April 22, 2013
       New York, New York

HARVIS WRIGHT
SALEEM & FETT LLP

_____
Gabriel Harvis
305 Broadway, 14th Floor
New York, New York 10007
(212) 323-6880
gharvis@hwsflegal.com

*Attorney for plaintiff*